IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| UNITED STATES OF AMERICA, | § § § | |
|---|---|---|
| v. | § § | EP-19-CR-926-PRM-2 |
| BALTAZAR AGUIRRE-RIVERA<br>　　Defendant. | § § § § | |

## ORDER DENYING MOTION TO ENTER A JUDGMENT OF ACQUITTAL

On this day, the Court considered Defendant Baltazar Aguirre-Rivera's [hereinafter "Defendant"] "Motion to Enter a Judgment of Acquittal" (ECF No. 93) [hereinafter "Motion"], filed on November 12, 2019; the Government's "Response to Defendant's Motion for a Judgment of Acquittal" (ECF No. 94) [hereinafter "Response"], filed on November 22, 2019; and Defendant's "Reply to Government's Response to Defendant's Motion to Enter a Judgment of Acquittal" (ECF No. 95) [hereinafter "Reply"], filed on December 4, 2019, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendant's Motion should be denied for the reasons that follow.

I.　　FACTUAL AND PROCEDURAL BACKGROUND

In the above-captioned cause, Defendant proceeded to jury trial on

one count, conspiracy to possess a controlled substance with the intent to distribute the same. Ct's. Instrs. to Jury 20, Nov. 5, 2019, ECF No. 86. The Court, consistent with the jury charge, instructed the jury to find the Defendant guilty if the Government proved the following elements beyond a reasonable doubt:

> *First*: That two or more persons, directly or indirectly, reached an agreement to possess heroin with intent to distribute the same;
>
> *Second*: That the defendant knew of the unlawful purpose of the agreement;
>
> *Third*: That the defendant joined in the agreement willfully, that is, with intent to further its unlawful purpose;
>
> *Fourth*: That the overall scope of the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin; and
>
> *Fifth*: That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin.

*Id*. at 21. The Court's verdict form asks for a verdict on the above count, "Count One," and the jury found the Defendant, "Guilty." Verdict, Nov. 5, 2019, ECF No. 91.

The Court's verdict form also instructs the jury to answer two special interrogatories if it finds the Defendant guilty on Count One. *Id*. The first interrogatory asks, "Do you find beyond a reasonable doubt that

2

the overall scope of the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin?" *Id*. The jury answered, "Yes." *Id*. The second interrogatory asks, "Do you find beyond a reasonable doubt that the defendant knew or reasonably should have known that the scope of the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin?" *Id*. The jury answered, "No." *Id*.

Defendant argues in his Motion that the Court should enter a judgment of acquittal because the jury's answer to the second interrogatory undermines the jury's finding of guilt. Mot. 1.

## II. LEGAL STANDARD AND ANALYSIS

The Court is of the opinion that Defendant's Motion should be denied because the jury's answer to the special interrogatory does not undermine the jury's finding of guilt on the essential elements of the charged crime. Rather, the jury's finding in the second interrogatory only negates a mandatory minimum sentence of ten years' imprisonment.

The Fifth Circuit has held that, "Courts consistently vacate convictions when the answers to special interrogatories undermine a finding of guilt the jury made on the general question." *United States v. Gonzales*, 841 F.3d 339, 348 (5th Cir. 2016). The Circuit Court explains

that a special verdict may undermine a finding of guilt when the special verdict "negate[s] an essential element of an offense of which the jury returned a general verdict." *Id.* (quoting Wayne R. Lafave, et al., 6 Crim. Proc. § 24.10(a)).

Defendant's Motion should be denied because the second special interrogatory, although it undermines the fifth element of the jury charge, does not negate an essential element of the jury's finding of guilt. First, the essential elements of a drug conspiracy include, "(1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) his voluntary participation in the agreement." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014). *See United States v. Gutierrez*, 699 F. App'x 414, 415 (5th Cir. 2017). Thus, the Court determines that the fifth element of the jury charge is not an essential element of a drug conspiracy. Negating the fifth element of the charge does not invalidate the jury's general verdict.

Second, *Alleyene v. United States* requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury." *Alleyene v. United States*, 570 U.S. 99, 103 (2013). The Court added the fifth element to the jury charge and the second special interrogatory to the verdict form to comply with *Alleyene*, asking

4

the jury to make a finding related to whether Defendant would be eligible for a ten-years' mandatory minimum sentence. Accordingly, the Court concludes that the fifth element of the jury charge is not an essential element because it solely relates to a mandatory minimum sentence, rather than a general finding of guilt on a charge of drug conspiracy.

Finally, the Court is of the opinion that, contrary to Defendant's claims, the above-captioned cause is distinguishable from *United States v. Randolph*, 794 F.3d 602 (6th Cir. 2015). In *Randolph*, the Sixth Circuit held that proving the amount of drugs involved in a conspiracy was an "essential element." *Id.* at 612. Therefore, the Circuit Court remanded for the entry of a judgment of acquittal when the jury found that the amount of drugs "involved in" a drug conspiracy was "None." *Id.* at 607, 612–13. However, *Randolph* does not apply here because proving the amount of drugs within a conspiracy is not an essential element within the Fifth Circuit. *See United States v. Daniels*, 723 F.3d 562, 573–574 (5th Cir.), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013) (finding such an element is "not a formal element of the conspiracy offense," and "preferable" but not required). Furthermore, the amount of drugs within the conspiracy is not in dispute, as the jury made a finding in the first

special interrogatory that the overall scope of the conspiracy involved at least one kilogram of heroin.

## IV. CONCLUSION

In sum, the Court concludes that the jury's finding in the special interrogatory, solely related to a mandatory minimum sentence, does not invalidate the essential elements of the charged crime. Therefore, Defendant's Motion should be denied.

Accordingly, **IT IS ORDERED** that Defendant Baltazar Aguirre-Rivera's "Motion to Enter a Judgment of Acquittal" (ECF No. 93) is **DENIED**.

**SIGNED** this **3rd day** of **January, 2020**.

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**